IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MANNEH VAY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:20cv00175 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| EDDIE PEARSON, Warden, | ) | By: Norman K. Moon |
|     Respondent. | ) | Senior United States District Judge |

Manneh Vay, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his confinement under a state court criminal judgment. From a review of the petition and relevant state court records, the court concludes that the petition should be dismissed without prejudice to allow Vay to complete exhaustion of his state court remedies.

Vay's petition before this court attempts to raise three claims. It is unclear from the documents attached to his petition whether two of those claims (which he titles as claims of "Manifest Injustice" and "Ends of Justice") were raised on direct appeal before the Supreme Court of Virginia. That court refused his petition for appeal by an order dated October 25, 2017. (Dkt. No. 1, at 79.) If they were raised on appeal to that court, then they may have been properly exhausted.

His other claim is an ineffective assistance of counsel claim. In Virginia, "[c]laims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal." *Lenz v. Commonwealth*, 544 S.E.2d 299, 304 (Va. 2001). Vay currently has a petition for habeas corpus pending in the court of his conviction, the Circuit Court for the City of Charlottesville. Based on the documents he has submitted, his ineffective

assistance of counsel claim was raised in that court, and it remains pending before that court. It is therefore not yet exhausted.

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where, as here, a petitioner files in federal court while he still has available state court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice to allow him to finish exhausting those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971). Likewise, a district court generally should dismiss without prejudice a habeas petition containing a mix of both unexhausted and exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Because Vay's state habeas petition remains pending, the court finds a dismissal without prejudice appropriate in this case. Vay is further advised that, in order for his ineffective assistance of counsel claim to be fully exhausted so as to allow this court to consider it on the merits under § 2254, the circuit court must first rule on his habeas petition and, if the ruling is adverse to Vay, he must appeal that ruling to the Supreme Court of Virginia and receive a ruling from that court. *Slayton*, 404 U.S. at 54; *Rose*, 455 U.S. at 522. If Vay is dissatisfied with the result of his completed state habeas proceedings, he may then raise all of his habeas claims in this court in a new § 2254 petition that will not be considered successive under § 2254(h).[1]

---

[1] Vay is advised that his time to file his federal habeas petition is limited. *See* 28 U.S.C. § 2244(d). The federal time clock stops running, though, while properly filed habeas corpus proceedings are proceeding in state court. *See* 28 U.S.C. § 2244(d)(2).

To summarize, because Vay has not yet exhausted his state court remedies as to all of his claims, the court will dismiss his petition without prejudice. An appropriate order will be entered.

**ENTER**: This 23rd day of April, 2020.

                                             NORMAN K. MOON
                                             SENIOR UNITED STATES DISTRICT JUDGE